THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRED LOPEZ,

    Plaintiff,

  -vs-                                                                                                            Civ. No. 02-1572 LH/LFG

RICK JOHNSON, individually, and RICK
JOHNSON AND COMPANY, INC., a New Mexico
Corporation; LaNELDA ROLLEY, New Mexico
State Secretary of Tourism, in her individual and
official capacity; JANET L. GREEN, as New
Mexico State Secretary of Tourism, in her individual
and official capacity, and STATE OF NEW
MEXICO DEPARTMENT OF TOURISM,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on the Motion to Dismiss (Docket No. 7), filed February 10, 2003, by Defendants Rolley, Green, and the New Mexico Department of Tourism (collectively, "New Mexico Defendants"). The Court, having considered the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully informed, finds that the Motion is well taken in part and will be **granted in part**.

**BACKGROUND**

    Plaintiff Fred Lopez is a metal artist doing business in Santa Fe, New Mexico. As alleged in his Complaint, in 1994 he created a plaque and series of stylized letters for use by New Mexico Magazine ("Magazine"), a division of Defendant New Mexico Department of Tourism

("Department"). In 1997 Defendant Rick Johnson, president of Rick Johnson and Company, Inc. ("Company"), an advertising and marketing company, approached Plaintiff with a computer generated, digitized rendition of a design Plaintiff had earlier created for New Mexico Magazine and asked Plaintiff to create a similar tin work design to accommodate the slogan "New Mexico - The Land of Enchantment." This plaque was to be used to create graphic images for the Magazine, for which the Magazine would publish attribution for Plaintiff's artwork. The Company paid Plaintiff $88.00 for the tin work design he then created and the Magazine subsequently used Plaintiff's artwork in its publications, but did not attribute the artwork to Plaintiff.

Plaintiff sues all Defendants for copyright infringement, an equitable accounting of all profits, proceeds, or benefits received for use of his plaque design, unjust enrichment, and constructive trust and/or equitable lien. He further alleges violation of the New Mexico Unfair Trade Practices Act ("NMUTPA") against Defendants Johnson and the Company and violation of the Lanham Act by the New Mexico Defendants. Plaintiff's requested relief includes 1) that Defendants be enjoined from infringing on Plaintiff's copyright; 2) that Defendants be required to account for all gains, profits, and advantages derived from their infringement, unfair and deceptive trade practices, and unjust enrichment;  3) that an equitable accounting be made by Defendants Johnson and the Company of all profits made through the sale or licensing of Plaintiff's copyrighted stylized plaque design and by the New Mexico Defendants of all sales of goods and products bearing reproduction of the same; 4) an award of actual damages, as proven at trial, against each Defendant for unauthorized use of Plaintiff's copyrighted material; 5) all profits or advantages gained by Defendants; 6) imposition of a constructive trust on all proceeds received by Defendants through their use of Plaintiff's copyrighted material; 7) imposition of an equitable lien on all assets purchased

by Defendants Johnson and the Company; 8) up to three times actual damages against Defendants Johnson and the Company, pursuant to the NMUTPA; 9) up to three times actual damages against the New Mexico Defendants, pursuant to the Lanham Act; 10) costs and attorney fees; 11) pre- and post-judgment interest, as provided by law; and 12) copyright statutory damages against all Defendants.  The New Mexico Defendants now move to dismiss.

**STANDARD OF REVIEW**

In considering a motion to dismiss, the Court must liberally construe the pleadings, *Gas-A-Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102, 1107 (10th Cir. 1973), accepting all material allegations as true, *Ash Creek Mining Co. v. Lujan,* 969 F.2d 868, 870 (10th Cir. 1992).  Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

**MOTION TO DISMISS**

The Department and Defendants Rolley and Green, in their official capacities as former New Mexico State Secretaries of Tourism (neither Defendant currently serves in this position), maintain that the Complaint is barred by the Eleventh Amendment to the United States Constitution. Defendants Rolley and Green further argue that the Complaint fails to state a claim upon which relief may granted against them in their individual capacities.  They first contend that the language of both the Copyright Act and the Lanham Act only provide for a cause of action against State officers or employees acting in their official capacities, not in their individual capacities.  Alternatively, they

3

assert the defense of qualified immunity and also declare that the Complaint states no facts which would support an allegation of individual liability.  Finally, the New Mexico Defendants posit that given the Eleventh Amendment bar, all other counts against them must fail: Counts II and IV, equitable accounting and constructive trust, as derivative of the copyright claim, and Count III, unjust enrichment, although an independent cause of action, as without any basis for federal subject matter jurisdiction.

Plaintiff concurs that his claims against the Department and Defendants Rolley and Green, in their official capacities, are barred by the Eleventh Amendment.  With regard to his suit against Rolley and Green in their individual capacities, however, Plaintiff insists that he has stated a claim upon which relief may be granted.  He first takes issue with Defendants' construction of the relevant statutes, maintaining that neither the Copyright Act nor the Lanham Act should be read to exclude suits against State employees acting in their individual capacities.  Plaintiff also contests whether his claims are barred by qualified immunity, noting that the creator of a work of art has been protected by copyright law in excess of one hundred years.  He also argues that it is "virtually impossible" to believe that a person in Defendants Rolley's and Green's position as Secretary of Tourism would not know that use of another's design for the logo of the New Mexico Department of Tourism, without attribution or permission, could create confusion or cause mistake in violation of the Lanham Act.  Thus, he maintains that he properly asserts violation of his federal statutory rights, the contours of which were sufficiently clear that a reasonable official would have understood that what she was doing violated those rights.

Defendants Rolley and Green reply that Plaintiff's claims against them in their individual capacities cannot stand because no facts are pled in support of such claims.  They contend that such

4

claims must necessarily pertain to "unofficial acts," those totally outside the scope of their official duties, in which they have some personal interest or financial stake. Defendants continue this argument by asserting that they are entitled to qualified immunity on grounds that neither had reason to think what she was doing in her individual capacity violated the Copyright and/or Lanham Act, and that, in any even, the Complaint alleges no actions taken by either in her individual capacity.

**ANALYSIS**

Given Plaintiff's concession, the Court finds that Defendants' Motion will be granted as to the State of New Mexico Department of Tourism and Defendants Rolley and Green in their official capacities. Although it is clear that "a private individual may sue a state official for prospective injunctive relief in federal court even if the Eleventh Amendment bars such claims from being brought against the state itself," *Cornforth v. Univ. of Okla. Bd. of Regents*, 263 F.3d 1129, 1134 (10th Cir. 2001)(citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)), it is undisputed and the Court takes judicial notice that neither Defendant Rolley nor Green is currently New Mexico State Secretary of Tourism. Thus, neither could exercise any authority to obey any injunctive order by the Court.

The Court does not find, however, that the Motion should be granted as to the individual defendants in their individual capacities. The Copyright Act and Lanham Act, respectively, provide in part:

> (a) Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright . . . . *As used in this subsection, the term "anyone" includes any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his or her official capacity. Any State, and any such instrumentality, officer, or employee, shall be subject to the provisions of this title in the same manner and to the same extent as any nongovernmental entity.*

17 U.S.C. § 501 (Infringement of copyright) (emphasis added).

> (a) Civil action
>     (1) Any person who, on or in connection with any goods or services, . . . uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact, which--
>         (A) is likely to cause confusion, . . .
>         . . .
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.
>     (2) *As used in this subsection, the term "any person" includes any State, instrumentality of a State or employee of a State or instrumentality of a State acting in his or her official capacity. Any State, and any such instrumentality, officer, or employee, shall be subject to the provisions of this chapter in the same manner and to the same extent as any nongovernmental entity.*

15 U.S.C. § 1125 (False designations of origin, false descriptions, and dilution forbidden) (emphasis added). Congress added the italicized language to these Acts with the express intent of abrogating States' Eleventh Amendment sovereign immunity, an effort which the Supreme Court subsequently determined was constitutionally invalid. *See Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627 (1999); *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 666 (1999). The Court agrees with Plaintiff that a plain reading of these provisions in no way excludes State employees acting in their individual capacities from being "any person," and thus subject to suit, and Defendants offer no reasoned argument or authority to the contrary.

The Court finds equally unavailing Defendants' unsupported argument that a claim against a government official in her individual capacity necessarily must pertain to unofficial acts, those totally outside her official duties. "As a general rule, suits seeking damages from state officials in their individual capacities are not barred by the Eleventh Amendment." *Cornforth*, 263 F.3d at 1132-

33 (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Papasan v. Allain*, 478 U.S. 265, 277 n.11 (1986)). Thus, "'[a] suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally.'" *Id.* at 1133 (quoting *Alden v. Maine* 527 U.S. 706, 757 (1999)). As the Supreme Court held in *Hafer*, a state official may be individually liable for damages based upon actions he takes in his official capacity. *See id.* at 1132 (citing *Hafer*, 502 U.S. at 25).

Defendants' Motion to Dismiss based on qualified immunity, which relies on basically the same argument, again without citation to authority, likewise must fail. Plaintiff has sufficiently asserted violations of the Trademark and Lanham Acts and, as seen from the cases cited above, Defendants Rolley's and Green's potential liability in their individual capacities was clearly established long before their alleged conduct violated Plaintiff's statutory rights. *See Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001). This is not to say, however, that discovery might not reveal that Defendants' actions in this matter were insufficient to support personal liability. *See, e.g. Alden*, 527 U.S. at 757 ("[A] suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or *wrongful conduct fairly attributable to the officer himself* . . . .)(emphasis added)(citing *Scheuer v. Rhodes*, 416 U.S. 232, 237-38 (1974); *Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 462 (1945)).

**IT IS HEREBY ORDERED** that the Motion to Dismiss (Docket No. 7), filed February 10, 2003, by Defendants Rolley, Green, and the New Mexico Department of Tourism is **GRANTED IN**

PART.  The **State of New Mexico Department of Tourism and LaNelda Rolley and Janet L. Green, in their official capacities, are DISMISSED from this action.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **DENIED** as to **LaNelda Rolley and Janet L. Green, in their individual capacities**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**